IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADAM BRAD NEVINS,               )
                                )
                 Plaintiff,     )
                                )
        v.                      )  Civil Action No. 10-193J
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
                 Defendant.     )

<u>MEMORANDUM JUDGMENT ORDER</u>

AND NOW, this 26th day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. <u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently.   <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001).  These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for benefits on April 10, 2008, alleging a disability onset date of July 13, 2006, due to back pain and diabetes.  Because plaintiff had acquired sufficient coverage to remain insured only through December 31, 2007, he is required to establish that he became disabled prior to that date.  Accordingly, the relevant time period at issue in this case is the alleged onset date of July 13, 2006, to the "date last insured" of December 31, 2007.

Plaintiff's application was denied initially.  At plaintiff's request an ALJ held a hearing on January 5, 2010, at which plaintiff, represented by counsel, appeared and testified.  On January 22, 2010, the ALJ issued a decision finding that plaintiff was not disabled at any time during the relevant time period.  On June 19, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 42 years old on his date last insured and is classified as a younger person under the regulations.  20 C.F.R. §404.1563(c).  He has a high school education and has past relevant work experience as a manager, a truck driver and a police officer, but he did not engage in any substantial gainful activity during the relevant time period.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff was not disabled within the meaning of the Act during the relevant time period. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of spinal disorders, diabetes mellitus II and migraine headaches, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the sedentary exertional level but with certain restrictions recognizing the limiting effects of his impairments, including, *inter alia*, a sit/stand option and the need to raise his feet. (R. 13). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including buckler/lacer, band attacher, patcher and weight tester. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform his past relevant work, numerous jobs existed in significant numbers in the national economy that plaintiff could have performed prior to the expiration of his insured status. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months.   42 U.S.C. §423(d)(1)(A).   The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[1]   20 C.F.R. §404.1520.   If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further.   Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's determination that plaintiff was not disabled during the relevant time period: (1) the ALJ improperly analyzed the medical evidence and failed to give appropriate weight to the opinion of

---

[1] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity.   20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).

plaintiff's treating physician; and, (2) the ALJ improperly evaluated plaintiff's subjective complaints. Upon review, the court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence. Specifically, plaintiff contends that the ALJ failed to give controlling weight to the opinion of his treating physician, Dr. Lieber, who suggested on two occasions that plaintiff cannot work. (R. 314; 317).[2] The court finds no error in the ALJ's evaluation of this evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into

---

[2]   In a letter to Dr. Berez dated March 14, 2007, Dr. Lieber noted that plaintiff "is still incapable of performing sedentary work due to the fact that he has sitting intolerance." (R. 314). In another letter to Dr. Berez dated May 31, 2007, Dr. Lieber again noted that "[a]t present, [plaintiff] cannot work." (R. 317).

AO 72
(Rev. 8/82)

account numerous factors, including the opinion's supportability, consistency and specialization.   20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence.   Contrary to plaintiff's contention, the ALJ did not ignore Dr. Lieber's opinion that plaintiff could not perform even sedentary work during the relevant time period, but rather he expressly addressed Dr. Leiber's reports in his decision and adequately explained why he did not give his opinion controlling weight. (R. 16).

The ALJ explained that Dr. Lieber's opinion is not supported by his own findings and is inconsistent with the clinical and objective findings of record and with other substantial evidence. (R. 16)   In particular, the ALJ pointed out that consistently throughout the time period at issue Dr. Lieber had reported negative straight leg raise tests and full, normal, intact bilateral lower extremity strength, sensation and reflexes without a neurological deficit.   (R.16).   Because Dr. Lieber's opinion that plaintiff could not perform even sedentary work was inconsistent with the totality of the evidence, the ALJ determined it was not entitled to controlling weight.

The record clearly supports the ALJ's evaluation of the foregoing medical evidence.  As an initial matter, the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance.   20 C.F.R. §404.1527(e); SSR 96-5p. Accordingly, Dr. Lieber's opinion that plaintiff cannot work was not entitled to controlling weight.

The ALJ's conclusion that plaintiff's back impairment, while severe, did not result in completely debilitating limitations during the relevant time period also is supported by other evidence in the record.  The ALJ summarized the relevant medical evidence in his decision and noted that Dr. Bookwalter reported on October 6, 2006, that plaintiff had normal reflexes and normal straight leg raising and no motor deficit.  (R. 14).  Because the opinion of Dr. Lieber was inconsistent not only with his own objective medical findings but also with other substantial evidence in the record, the ALJ did not err in not giving his opinion controlling weight.  20 C.F.R. §404.1527(d); SSR 96-2p.

The ALJ also properly considered the opinion of the state agency consultant in assessing plaintiff's residual functional capacity.  Pursuant to the Regulations, state agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation."  20 C.F.R. §404.1527(f)(2)(i).  Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence.  20 C.F.R. §404.1527(f)(2)(ii); SSR 96-6p.  The ALJ did so here and, having concluded that the state agency physician's report was consistent with, and supported by, the medical evidence, he properly gave that opinion "significant probative weight."  (R. 15).

In sum, the ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected

AO 72
(Rev. 8/82)

or discounted any evidence.  The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

The court also is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.  20 C.F.R. §404.1529(c); see also SSR 96-7p.  As required, in assessing plaintiff's credibility the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence and all of the other evidence of record.

The ALJ did an adequate job in his decision explaining why plaintiff's statements concerning his impairments and their impact on his ability to work are not entirely credible.  (R. 15). Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here.  Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of not only his activities of daily living but also in light of the medical evidence, which revealed the absence of clinical and objective findings supporting plaintiff's allegations of totally debilitating symptoms.

It also is important to note that while the ALJ did not find plaintiff's subjective complaints entirely credible, his decision

makes clear that to the extent plaintiff's allegations as to the limitations arising from his impairments are supported by the medical and other evidence, the ALJ accommodated those limitations in his residual functional capacity finding. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible. The court is satisfied that the ALJ's evaluation of plaintiff's credibility is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:   Sandra R. Kushner, Esq.
      Rothman Gordon, P.C.
      Grant Building, Third Floor
      310 Grant Street
      Pittsburgh, PA 15219

      Stephanie L. Haines
      Assistant U.S. Attorney
      200 Penn Traffic Building
      319 Washington Street
      Johnstown, PA 15901

AO 72
(Rev. 8/82)